*144 ÓPINÍON of the Court, by
Judge Trimble.
The defendant in the court below, upon setting aside an office judgment, offered to file a special demurrer, which was objected to by the plaintiff, and the objection sus» tained by the court; to which opinion the defendant excepted. The defendant then filed a general demurrer; the plaintiff joined in demurrer ; and, after argument, the court overruled the demurrer: but, before judgment was rendered for the plaintiff, the defendant moved for leave to withdraw his demurrer and plead to the merits. This last motion was overruled by the court, and judgment given for the plaintiff; to which opinion the defendant also excepted. The errors assigned in this court call in question the several decisions of the inferior court as above stated ; and also allege there is error, because the plaintiff declared against one Zedekiah South, upon whom the original process had not been served.
On the point contained in the first bill tif exceptions, there can be no hesitation. The office of a special demurrer is to take advantage of defects in form only. The law requires that objections of this description,which affect not the right of the case, shall be taken advantage of at the earliest opportunity; and therefore has very wisely provided, that after the defendant has been in default, and suffered an office judgment to be taken against him, he shall not be permitted, upon setting aside the office judgment, to avail himself of formal objections. The court, therefore, very properly refused to permit the defendant to file a special demurrer.
We are unable to discern any ground upon which the general demurrer ought to have been sustained ; and must therefore conclude it was properly overruled.
After a difpo-fition has beers maniiefted to vex and embar-ráis, the court ought to be fa-tisfied the party has a ferious defence, before leave is granted him to withdraw a general demurrer.
Plaintiff declares againft two, procefs it ferved on one only} judgment againftthatone, without objection to the want of fervice of procefs on the other} the defendant brings a writ of error, he cannot aflign for error, that procefs was not ferved *pon the other defendant below.
As io the last point contained in the second bill of exceptions, it may be observed, that there can be no doubt that a court may, in some cases, after argument upon a general demurrer, and even after an opinion given against the demurrer, permit the party to withdraw it, and plead such plea as will try the merits of the cause. But it cannot be laid down as a general rule, that the court is bound in all cases to permit the party to withdraw his demurrer ; indeed, the converse seems to be the general rule ; and the party, in order to take himself out of the general rule, should make out such a case as would satisfy the court, exercising a sound legal discretion, that the indulgence granted was necessary to the justice of the case ; and not resorted to for the purposes of delay or vexation. Here the defendant made out no case authorising or requiring a departure from the general rule : it is true the bill of exceptions states he offered to plead to the merits. This is a very general expression, and may mean a great deal or very little. It is conceived he ought at least to have drawn up and offered his plea, that from the plea itself both that court and this might be enabled to say whether it was calculated to try the merits of the cause. Indeed, where a disposition to embarrass the cause, by resorting to a variety of expedients, has been manifested, as in this case, the court might, and generally ought to require the party to satisly them that he has a serious defence to make before he receives the indulgence.
There is nothing in this record which will enable us to say that the circuit court erred, or did not exercise a sound legal discretion, in refusing leave to withdraw the general demurrer and to plead.
With respect to the last point made by the assignment of error, it will be sufficient to observe, that no judgment was rendered against South, nor is he a party to this writ of error; and the declaration being against him, as well as against the plaintiff in error, cannot possibly prejudice the latter, and must be deemed immaterial. — Judgment affirmed.