OPINION of the Court, by
Judge Bibb.
— After judgment by default and the execution of a writ of en-quiry, the plaintiff here, has prosecuted a writ of error to the judgment rendered against him in the circuit court. The assignments of error relate to the declaration only, and are in substance the following :
1st. That the count is of a covenant to and with the plaintiff Macey, whereas the covenant of which profert is made, was with George Craig.
2dly. The breach assigned is of non performance within three months from the date of the covenant, to Craig, whereas for any thing that appears in the record to the contrary, the covenant had been assigned to the plaintiff before the expiration of the said three months.
3d. That there is no averment that the covenant had not, been performed to Macey.
4th. That no demand at the house of the defendant is alleged.
For the better understanding of these objections, a recital of those parts of the declaration to which they apply is necessary. The complaint is made by “ Alexander Macey, assignee of George Craig,” of a plea against James Adams, of covenant broken ; that the said defendant by writing under seal, (and setting forth time and place, &c.) “ did covenant, promise and agree to, and with the said plaintiff that he the said defendant owed, and would pay to him the said plaintiff, six pounds in three months, in good merchantable Windsor chairs at their real value.” The breach is then assigned in nonpayment to Craig in three months ; then follows an aver *329 ment of assignment from Craig “ to the said plaintiff,” on the-day of-in the year ■ ■ — — &c. and notice to the defendant Adams on the same day of the assignment. “ And the said plaintiff in fact says that the said defendant, although often required so to do, his said covenant hath not kept and performed, but the same hath altogether broken, therefore the said plaintiff says he is injured and hath sustained damage to the value,” &c.
The first assignment is bottomed, either upon a comparison of the declaration with the transcript of the covenant which the clerk has given, or upon a comparison of the -premises with the consequent assignments of breaches in the declaration stated. If upon the first, it cannot be regarded, because the covenant, although copied by the clerk, makes no part of this record, as oyer had not been taken. If it is bottomed on the latter, then it is a criticism upon the word plaintiff, as used in the declaration. In describing himself as plaintiff, he states himself as assignee of George Craig, and then declares upon a covenant to the “ said plaintiff” by a deed described with certainty by date, time place and subject matter ; then the averment of assignment from said Craig is set forth, which completely corrects the aukwardness of the expression that the defendant had covenanted with the plaintiff, assignee of George Craig 5 and leaves no uncertainty as to the person to whom the covenant was originally.
As to the second assignment, it is sufficient to say that it is not fatal for the plaintiff to allege that the covenant was not performed to the original covenantee, after assignment and notice, although such an averment would be unnecessary.
The third assignment is contradicted, as to the fact assumed, by the general assignment of breach. And as to the fourth, the case of Grant vs. Groshan, affords a sufficient answer. — —-Judgment affirmed, &c.