GAGE
*vs.*
MELTON.

WILLIAM GAGE *against* REUBEN MELTON.

APPEAL *from Carroll Circuit Court.*

A party cannot be permitted to avail himself of the advantages of an issue at law, and an issue of fact, to the same pleading, at one and the same time; or to return to, and revive the questions decided on demurrer, after he has acquiesced in the decision thereof and voluntarily proceeded to a trial of the issues of fact.

A party, therefore, when he has amended his pleading demurred to, or pleaded over after his demurrer overruled, cannot again return to and revive the questions decided upon the demurrer, and in such cases, the demurrer and the decision thereon are as completely superseded as if the demurrer had never been filed.

If evidence is offered by one party in the court below, and no objection appears from the record to have been there made to its admission by the other party, it is too late to assign in this court its admission there for error.

Where suit was brought in the court below on a promissory note, and the defendant pleaded want of consideration, and a failure of consideration, and the following evidence was offered by him in support of his pleas, to wit—that the consideration for which the note was executed, was the assignment of a patent for a tract of land; that the patent, at the time of the execution of the note, was assigned by the plaintiff to the defendant by endorsement in writing, and received by the defendant; and that the plaintiff then represented to the defendant, that the land granted by the patent was situated within five or six miles of Little Rock, and that if it was not of the description set forth in the patent and endorsements, he would make it as good, and that he had a title to the land, and a right to sell it;—further, that, in conversation with another witness, the plaintiff said that he had long ago known that said land had been sold for taxes.

The patent to John Baxter, being also in evidence, with the following endorsements upon it:  " For value received I assign the within deed to William Gage, this 29th day of September, 1835.  *Signed* "Joseph O. Carroll, agent for John Baxter."  "For value received I assign the within deed to

Reuben Melton, this 13th day of October, 1835." *Signed* "Wm. ᚷ Gage."
                                                                    HIS
                                                                    MARK.

*Test: Henry B. Smith*," this evidence was not sufficient to support the plea, either of want or failure of consideration.  It expressly disproves the first, and fails to sustain the second.

So far as regards the question presented on these pleas, it is wholly immaterial whether a specific execution of the agreement proved by this evidence, could be enforced or not.

This was an action of debt commenced in the court below by *Gage* against *Melton*, by a declaration in the usual form, upon an instrument in writing, described in the declaration as a promissory note, but being in reality a writing obligatory, executed to him by *Melton* on the 12th of October, 1835, due December 25th, 1835, for $206.

At the return term, the defendants filed two pleas, which, on motion of the plaintiff, were stricken out, as nullities, at October Term, 1837, and leave was given the defendant to plead.  He then filed his first

and second pleas, to which the plaintiff filed his separate demurrers. Joinders in demurrer being filed, the demurrer to the first plea was sustained, and to the second overruled. The defendant then filed his amended first plea, to which the plaintiff demurred and his demurrer was overruled. The pleas as amended, and finally sustained by the court, were, 1st, that "the said plaintiff gave no consideration in law for the "said promissory note in wrinting, to wit, on &c. at, &c." And, 2d, that "the consideration for which the said promissory note in writing "and the promise therein contained were made and executed, has to-"tally failed, to wit, &c."

. The plaintiff then filed his replications: To the first plea, that "he did give a consideration in law for the note sued on." And to the second plea, that "the consideration did not totally fail, &c." concluding each to the country—to each of which the defendant joined issue, and the cause was submitted to the court, sitting as a jury. The following evidence was then introduced in the case:

The plaintiff gave in evidence the writing sued on.

The defendant proved, that the writing sued on was drawn by the witness, and that it was executed by the defendant in consideration of the assignment to him by the plaintiff of a patent for a tract of land, which patent, with the endorsements, was also in evidence. The patent was in the common form, to *John Baxter*, grantee, and the endorsements as follows: " For value received I assign the within deed to *William Gage*, this 29th day of September, 1835," signed Joseph O. Carroll, agent for John Baxter;" and "For value received I assign the within deed to *Reuben Melton*, this 12th day of October, 1835,"

signed *William* ⋈ *Gage*," and tested by "Henry B. Smith."

HIS

MARK.

The witness further stated that the patent was received by the defendant, and that the plaintiff represented to the defendant that the tract of land described in the patent lay within five or six miles of Little Rock, and that if it was not of the description set forth in the patent, and the endorsements thereon, (to wit "Land rolling, second rate soil, part woodland, timber, oak and hickory, a part prairie,") he would make it as good, that he had a title to the land, and a right to sell it.

Another witness for the defendant proved, that he had heard the plaintiff say, upon being asked if he had heard that said land was

LITTLE ROCK, sold for taxes, that he had long ago known that it was sold for taxes. July, 1838. Upon this evidence the court found the issues for the defendant, and GAGE gave judgment that he be acquitted and discharged of the action, and *vs.* MELTON. for his costs. From which judgment the plaintiff appealed.

WALKER and FOWLER, for the appellant:

The appellant insists that the second plea is defective in this; that it does not show what the consideration was, nor how it failed, nor when; and that if aptly pleaded, the plea of failure, or want of consideration, cannot be pleaded in this action. See *Marshall's Reports*, p. 602; *Coleman* vs. *Humper*, p. 538; *Stap* vs. *Anderson's* executors, p. 332; *Buntlett* vs. *Ralston*; 3rd *J. J. Marshall's Rep.* p. 475; *Coles*, executors, vs. *Fisher; 4th Mon.* 531, *Reed* vs. *Haund; 2 Marshall's Rep.* p. 545, *Wise* vs. *Kelly; Chitty on Contracts*, p. 27; *Saunder's Pleading & Evidence*, p. 406 and 407—in support of the positions assumed by appellants.

No counsel appeared for the appellee.

RINGO, *Chief Justice*, delivered the opinion of the court:

This is an action of debt commenced by the appellant against the appellee, in the Carroll Circuit Court. The cause of action as described and set forth in the declaration and pleadings, is a promissory note in writing, executed by *Melton*, and made payable directly to *Gage.*

To this action *Melton* filed two pleas in bar, which the court, on the plaintiff's motion, directed to be treated as a nullity, and granted to the defendant leave to plead. Whereupon he filed two other pleas in bar: First, "that the said plaintiff gave no consideration in law for the said promissory note in writing, to wit, on the 12th day of October, 1835." Second "that the consideration for which the said promissory note in writing, and the promise therein contained, were made and executed, has totally failed."

To these pleas the plaintiff demurred severally, and his demurrers being joined, were, after argument, overruled by the court. The plaintiff then replied severally to said pleas: To the first "that he did give a consideration in law for the said note sued on." And to the second, "that the consideration for which the said promissory note was given, and the promises therein contained, did not totally fail, on the 12th day of October, 1835;" and concluded by tendering an issue to the country, which was joined by the defendant, when, by

LITTLE
ROCK,
July, 1838.

GAGE
vs.
MELTON.

consent of the parties, the cause was submitted to the court upon the issues joined. And the court after hearing the evidence and arguments of counsel, found upon the issues joined, in favor of the defendant, and thereupon entered up a final judgment for the defendant, from which the plaintiff prayed an appeal, which was granted, and has been duly prosecuted in this court.

On the trial, a bill of exceptions was taken by the plaintiff, setting forth all of the evidence in the cause, which, being signed and sealed by the court, was made a part of the record.

The appellant assigns for error, first, that the court erred in overruling the demurrer to the second plea. Second, that the court erred in overruling his demurrer to the first plea of the defendant as lastly pleaded. Third, that the court erred in receiving the proof offered by the defendant as evidence of the issue joined. Fourth, that the court erred in deciding the evidence sufficient to sustain the issues joined, when, in truth there was no sufficient evidence to sustain said issues. Fifth, that the judgment is for the defendant; whereas, by the law of the land, it ought to have been for the plaintiff.

As to the questions sought to be raised by the first and second assignments of error, the authorities are full and conclusive, that when a party amends his pleadings or pleads over after judgment against him on demurrer, the demurrer and decision thereon are as completely superseded as if the demurrer had never been filed. *Crozier* vs. *Gano and wife,* 1 *Bibb* 257; *Peate* vs. *Craig* 1 *Bibb,* 320; *Violett* vs. *Dale,* 1 *Bibb* 144; *Hancock* vs. *Vatwer, Hardin,* 513; *Patrick* vs. *Conrad &c. Littell's Selected Cases,* 508.

In the courts of England, a party was never permitted to amend his pleading, or plead over after a demurrer, without the leave of the court, and when the demurrer was overruled, such leave was never granted, until it was by leave of the court, formally withdrawn.— 2 *Tidd,* 766, 767.

And although in the loose and liberal practice indulged in, in some of the courts in the United States, amendments and other pleadings have been received, after demurrer, without any formal order for leave to withdraw it; yet the simple fact of amending or pleading over, has in such cases, been generally held to be equivalent thereto, and the parties subjected to the like consequences.

To permit a party to avail himself of the advantages of an issue at law, and an issue of fact, to the same pleading at one and the same

LITTLE
ROCK,
July, 1838.

GAGE
vs.
MELTON.

time, or to suffer him to return to and revive the questions decided on demurrer, after he had acquiesced in the decision thereof, and voluntarily proceeded to a trial of the issues of fact, would be to confound and unsettle the most plain and salutary, and best established rules of practice, without the sanction of law, or the support of reason.

We are, therefore, of the opinion that a party, when he has amended his pleading demurred to, or pleaded over after his demurrer overruled, cannot again return to and revive the questions decided upon the demurrer, and that in such cases the demurrer and the decision thereon are as completely superseded as if the demurrer had never been filed. Tested by this rule, the first and second assignments of error present no question upon the record, of which the appellant can now avail himself. The validity of the pleas cannot, therefore, in the present aspect of the case, be questioned.

The third assignment is equally unauthorized; for it does not appear by the record, that the evidence received by the court was objected to in the court below. It must therefore be considered as having been received by the court, with the consent of the plaintiff, whose duty it was to have objected, if he considered it incompetent, irrelevant, or illegal. Having failed to do so, his objection in this court, now made for the first time, comes entirely too late to be regarded.

The fourth and fifth assignments of error, question the decision of the court, that the evidence adduced was sufficient to sustain the issues joined, and the judgment thereupon given in favor of the defendant. The latter depends upon the former, and both may be well considered together.

The pleas of the defendant were affirmative, and from the character of the issues joined, the burthen of proof devolved upon him; to support the issues on his part it was incumbent on him to prove, either that the plaintiff did not give any consideration in law, for the instrument or obligation upon which the suit was founded, or that the consideration upon which it was made, had entirely failed.

The instrument itself furnishing *prima facie* evidence of a consideration, was produced by the plaintiff, and read in evidence without objection. The defendant then proved by a witness, that the writing sued on was drawn by him and executed by the defendant: that the consideration for which it was executed, was the assignment of a patent for a tract of land: that the said patent at the time of the execution of the instrument sued on, was assigned by the plaintiff, by

endorsement in writing, and received by the defendant: that at the LITTLE ROCK, time when the assignment was made and the note executed, the plain- July, 1838. tiff represented to the defendant that the tract of land particularly GAGE described in the patent, was situate within five or six miles of the city *vs.* MELTON. of Little Rock, in the State of Arkansas, and that if it was not of the description set forth in the patent and the endorsements thereon, he would make it as good, and said he had a title to the land and a right to sell it: the patent and the endorsements thereon were also read in evidence, and, by the bill of exceptions, are made a part of the record. The defendant also proved, by another witness, that he had heard the plaintiff in conversation, upon being asked if he had heard that said land was sold for taxes, say that he had long ago known that it was sold for taxes—which was all the evidence given in the case.

This evidence, the court acting in the place of a jury, considered as sustaining the issues joined, and therefore determined the same for the defendant; and the only question presented by the bill of exceptions and assignments of error, now under consideration, is this:  was the decision, or finding of the court upon the issues joined, warranted by the evidence adduced on the trial?

To decide this question correctly, it must be seen what constitutes a consideration in law, sufficient to uphold a contract.  In the case of a specialty no consideration is necessary to give it validity even in a Court of Equity.  *Chitty on Contracts,* 2.

In the case of a contract or agreement not under seal, the consideration may arise, either by reason of a benefit resulting to the party promising, or to a third person at the request of the former, by the act of the promisee; or on account of the latter sustaining any loss or inconvenience at the instance of the person making the promise.  It is not essential that the consideration should be adequate in point of actual value, the law having no means of deciding on this matter; and it would be unwise to interfere with the facility of contracting, and the free exercise of the judgment and will of the parties, by not allowing them to be the sole judges of the benefits to be derived from their bargains; provided there be no incompetency to contract and the agreement violate no rule of law.  It is sufficient that a slight benefit be conferred by the plaintiff on the defendant, or a third person, or even if the plaintiff sustain the least injury, inconvenience or detriment; or subject himself to any obligation without benefitting the defendant, or any other person. *Chitty on Contracts,* 7.  Also, where the

LITTLE
ROCK,
July, 1838.

GAGE
*vs.*
MELTON.

defendant agreed in writing to pay the plaintiff a sum of money for the benefit of a third person, for the purchase of a house, and which was accordingly effected. It was held that the defendant was liable, although the execution of a conveyance could not have been enforced, as against the third party, as the agreement with him was not in writing. *Chitty on Contracts*, 14.

According to the principles above stated, the evidence adduced on the trial, so far from supporting the issues on the part of the defendant, expressly disproves the first, and wholly fails to sustain the second. The evidence introduced by the defendant proves a parol agreement between the parties for the sale and purchase of a tract of military bounty land, and that the plaintiff in pursuance and part performance thereof, by his endorsement thereon in writing, assigned to the defendant, the patent issued by the President of the United States, to one John Baxter, for said tract of land, containing one hundred and sixty acres, being the n. e. qr. of sec. 8, t. 2 n., r. 7 w. in the tract appropriated for military bounties in the Territory of Arkansas, which was received by the defendant. The plaintiff also assured the defendant, that he had a title to said land and a right to sell it; that it was situated within five or six miles of the city of Little Rock, and if the land was not of the description set forth in the patent, and the endorsements thereon, he would make it as good. This, so far as we can discover from the evidence, as set out in the bill of exceptions, constituted the consideration upon which the instrument in question was made.

It was a legal consideration sufficient to uphold the contract, and so far as it regards the present question, it is wholly immaterial whether a specific execution thereof could be enforced or not: therefore, upon that question we give no opinion.

The defendant himself having thus proved a consideration in law, for which the instrument in question was executed, proved by another witness that he had heard the plaintiff in conversation upon being asked if he had heard that said land was sold for taxes, say that he had long ago known that it was sold for taxes. This, if it was designed to show that the plaintiff had no title to the land, was not only wholly incompetent for that purpose, but admitting the truth of every thing proved to have been said by the plaintiff, failed entirely to show that he was not the purchaser at the sale for taxes, or that he had not afterwards redeemed the land or acquired a complete title to it, and so his

right thereto may have been good at the date of his contract with the defendant. Therefore, allowing it to have its full weight as evidence, it neither proved, or conduced to prove, either a want of consideration, or a failure of consideration. The other evidence adduced by the defendant has not the slightest tendency to prove a failure of consideration; for, giving to it the utmost latitude, and indulging every legitimate presumption authorized by it, no other conclusion can be drawn from it than this—that the plaintiff sold to the defendant a tract of 160 acres of land, and endorsed, assigned, and delivered to him the patent therefor, which he received and yet holds; but whether the defendant is or ever has been in the possession and enjoyment of the land, or has been evicted therefrom, or whether the land was in the adverse possession of another, or his right acquired by the purchase from the plaintiff had proved unavailing and worthless, is not even attempted to be shown, and every fact proven in the case may be true, and yet the defendant be in the full, peaceable and uninterrupted enjoyment of the land, by virtue of said contract with the plaintiff. We are, therefore, clearly of the opinion, that the decision and finding of the Circuit Court upon the issues joined, was contrary to, and unauthorized by the evidence, and consequently it was erroneous, and for that error the judgment thereupon given must be reversed with costs, and a new trial granted; and as this case may progress on its return to the court below, the parties, if they desire to do so, must be allowed to amend their respective pleadings, so as to set forth and describe truly the contract in writing upon which this action is founded.

The cause is, therefore, remanded to the Carroll Circuit Court for further proceedings to be there had according to law, and in conformity with this opinion.