MURPHY *v.* OSBORNE.

4-8107                                                       200 S. W. 2d 517

Opinion delivered March 17, 1947.

*Kaneaster Hodges,* for appellant.

*Claude M. Erwin,* for appellee.

ED. F. McFADDIN, Justice. From a decree, adjudging a foreclosure and refusing to cancel certain instruments, appellant prosecutes this appeal.

On November 8, 1944, the appellant, Jim Murphy, executed a note to the appellees James and John Osborne for $1,000, due October 15, 1945, and secured by a mortgage on 40 acres of land. The mortgage was duly

acknowledged and recorded. On November 1, 1945, the note being past due and unpaid, the Osbornes, filed this suit for judgment and foreclosure. Murphy filed an answer and cross compaint: (1) he admitted executing the note and mortgage but claimed he had received only $100 instead of $1,000; he offered to confess judgment for $100 and interest, and pleaded failure of consideration for the remaining $900; (2) by way of cross complaint he listed several other instruments (a deed and some mortgages) shown by the record in the Circuit Clerk's Office to have been executed by him to the Osbornes; and he claimed these were all fraudulent and should be cancelled. The Chancery Court rendered a decree in favor of the Osbornes; and Murphy has appealed.

The evidence in this case is as sharply contradictory as is imaginable. Either the appellees have grossly swindled the appellant or he is trying to use his age and professed ignorance to defraud the appellees. If neither of these conclusions is correct, then the parties must have had many dealings which they would not admit at the trial. We agree with the Chancery Court in the statement that the full truth may never be known about the dealings between the parties in this case. But the law has certain well established rules which are used to weigh the evidence and reach the result in a case such as this, both in the lower court and in this court on appeal. We proceed, therefore, to apply these rules to this case.

I. *The Burden Was on Murphy to Defeat the Note.* Murphy admitted signing the $1,000 note sued on. Section 10182, Pope's Digest, says "Every negotiable instrument is deemed *prima facie* to have been executed for a valuable consideration . . . " Even though the above section comes to us from § 24 of the Uniform Negotiable Instruments Law, adopted by Act No. 81 of 1913, it is declaratory of what has been the law in Arkansas ever since Statehood. *Gage* v. *Melton,* 1 Ark. 224, holds that (a) a negotiable instrument is presumed to be based on a valid consideration, and (b) the burden of showing want or failure of consideration is on the defendant when

he admits executing the note. The scores of cases affirming and following that case are collected in West's Arkansas Digest "Bills and Notes," § 493. So, when Murphy admitted executing the note, the law placed on him the burden to prove failure of consideration of the $900 as he claimed.

With all the conflicting evidence, we are unable to say that Murphy discharged that burden in the trial court. Some circumstances support Murphy, while others strongly belie his words and indicate the contrary to be true. It would serve no useful purpose to review all the evidence. It is sufficient to announce our conclusion: which is, that Murphy failed to prove failure of consideration of $900 on the note. He failed to prove this by even a mere *preponderance of the evidence,* which he claims is the applicable rule. Certainly, he wholly failed in the burden on him to offer *"clear, cogent and convincing evidence"* to have the deeds and mortgages cancelled; and that, undoubtedly, is the applicable rule in a case seeking cancellation of deeds and mortgages such as Murphy sought by his cross complaint in this case. See the many cases collected in West's Arkansas Digest "Cancellation of Instruments," § 47.

II. *The Finding of the Chancery Court will not be Reversed on Appeal unless such Finding is against the Preponderance of the Evidence.* Some of the scores of cases recognizing and reiterating this long established rule are collected in West's Arkansas Digest "Appeal and Error," § 1009. In the case at bar the chancellor saw each witness when he testified. The chancellor observed the demeanor on the witness stand, the inflection in the voice and the hesitancy or rapidity of the words flowing from the mouth of the witness. The chancellor thus had an opportunity to see more than the mere words on the printed page which, alone, come to this court. With the testimony in this case in hopeless conflict, we cannot say that the Chancery Court decided against the preponderance of the evidence.

AFFIRMED.