WARD *v.* NIX.

4-8245                                    204 S. W. 2d 182

Opinion delivered June 30, 1947.

Rehearing denied September 22, 1947.

*Hugh M. Bland* and *L. H. Chastain,* for appellant.

*Hardin, Barton & Shaw,* for appellee.

ED. F. McFADDIN, Justice. This appeal presents no question of law, but challenges the correctness of the factual findings made by the chancery court.

Appellants (Mr. and Mrs. Ward) owned a home near Alma, Arkansas, and in April or May, 1946, they entered into a contract with John T. Nix (one of the appellees) to have him construct two additional rooms to their home. The exact nature of the contract is one of the points in dispute. Nix was a contractor, and he obtained the materials and laborers, and the construction work was done under his supervision. In due time Roy Cromer (doing business as Fine Springs Lumber Company) filed a ma-

terialman's lien for $613.46; and Nix also filed a claim for a balance alleged to be due him in an amount in excess of $860.23.

Thereupon the appellants filed a suit in the chancery court naming the appellees, Nix and Cromer and others, as defendants. The complaint alleged that the appellants had entered into an oral contract with Nix whereby he agreed to furnish the materials and labor, and to construct the two rooms for a total contract price of $925; that appellants had paid $382.12 and only owed a final balance of $542.88. They tendered this amount to Nix and prayed that he be required to accept that sum and cause his claim and that of Cromer (as well as any other possible lien claims) to be satisfied in full. As a second cause of action against Nix, appellants alleged that the work done and the materials furnished by Nix were defective; and appellants prayed damages for $500.

By answer and cross complaint Cromer claimed the correctness of his lien claim for $613.46, and prayed foreclosure of his lien. By answer and cross complaint Nix (1) denied he had entered into any such $925 contract as claimed by appellants, (2) denied that his work and materials were defective, (3) alleged that his contract with the appellants was to do the work at the actual cost of the labor and materials plus fifteen per cent. for his supervision and profit—i. e., a "cost-plus" contract, (4) alleged that the Cromer account was correct and that after all payments made by appellants had been credited, there was still due to Cromer and to Nix a total balance of $1,434.32, and (5) prayed judgment for the said amount and foreclosure of the respective liens of Cromer and Nix.

With issues thus joined the cause proceeded to trial; and the chancery court saw the witnesses and heard them testify. A decree was rendered, for Cromer for $613.46, and for Nix for a balance of $445.98. To reverse that decree appellants prosecute this appeal; and have grouped their arguments under these two topic headings:

(1) "The evidence conclusively established a contract between the parties."

(2) "The testimony of the defendant, John T. Nix, is self-contradictory, admittedly false in places, contrary to his pleadings, evasive, disingenious and contrary to common experience and authorizes no basis for the court to find that the construction was to be upon a cost-plus basis."

## OPINION

At the conclusion of all the evidence the record reflects the following to have transpired:

"The court: This is just a question of fact, isn't it? Counsel: Yes sir. The court: There is no law involved? Counsel: No, sir. Mr. Barton: We are willing to submit it. Mr. Bland: I don't think we can assist the court by arguing it. The court: Well—I can pass on it eventually. I can't immediately, but I will take it under advisement."

A week later the Chancellor furnished each side a detailed, itemized statement (which is in the transcript), showing how he arrived at the figures in the decree, as previously stated. It would serve no useful purpose to set out, even in the briefest manner, the testimony of each of the witnesses. There were eighteen of them; and the case was a "swearing match" from beginning to end.

(a) On the issue of the $925 contract: Appellants introduced a copy of an estimate which they claimed was the basis of the oral contract; and they were substantiated by at least two witnesses. On the other hand, Nix testified, equally as positively, that the paper introduced was an estimate for a shedroom and not for the gabled addition actually made to the house. Nix was also supported by witnesses on this point. The Chancellor found that there was no contract whereby Nix was to do the work and furnish the materials for $925 as claimed by appellants; and the Chancellor allowed Nix to recover on a "cost-plus basis." The fact that the estimate called

for only six windows and that the rooms as built contained nine windows; the fact that a solid foundation was used instead of pillars; the fact that a new roof was placed on the entire house: these facts, and many others, not only negative appellants' claim of a $925 contract, but also show the correctness of the Chancellor's ruling on this point.

(b) On the appellants' claim for damages: Nix testified that the work and materials were the best obtainable, and he was supported by witnesses. Appellants testified to numerous defects, etc., and they were supported by witnesses. The Chancellor found that the appellants were damaged in the sum of $300; and, after allowing the appellants that amount, gave Nix a judgment for a balance of $445.98 as previously mentioned. Nix has not cross appealed on this damage award so we need not refer to the evidence supporting the Chancellor's findings on this point.

(c) On the amount of the materials and labor: Cromer's claim was supported by competent evidence, and the labor claims were verified by the personal testimony of the workers; so that angle of the case is clearly correct.

A careful study of the entire record and all briefs fails to convince us that the chancery court decided against the preponderance of the evidence. What we said in the recent case of *Murphy* v. *Osborne, ante,* p. 319, 200 S. W. 2d 517, applies exactly to the case at bar:

"The Finding of the Chancery Court Will Not Be Reversed on Appeal Unless Such Finding Is Against the Preponderance of the Evidence. Some of the scores of cases recognizing and reiterating this long established rule are collected in vol. 2 West's Arkansas Digest, 'Appeal and Error,' § 1009. In the case at bar the Chancellor saw each witness when he testified. The Chancellor observed the demeanor on the witness stand, the inflection in the voice, and the hesitancy or rapidity of the words flowing from the mouth of the witness. The Chan-

cellor thus had an opportunity to see more than the mere words on the printed page which, alone, come to this court. With the testimony in this case in hopeless conflict, we cannot say that the chancery court decided against the preponderance of the evidence."

Affirmed.