Moeller v. Graves.

5-2964                                              367 S. W. 2d 426

Opinion delivered May 13, 1963.

Ulys A. Lovell and Darrell D. Dover, for appellant.

Suzanne Chalfant Lighton, for appellee.

George Rose Smith, J. This is a boundary line dispute. The controlling question is whether adjoining landowners may, even in the absence of any dispute or uncertainty, change the location of the boundary by an oral agreement that is carried into effect by the maintenance of a fence along the agreed line for more than seven years.

There is no real dispute about the parol agreement. What is now the appellees' property was once owned by Marguerite Miles, and what is now the appellants' property was owned by R. E. and R. M. Ming. In 1945 Mrs. Miles and her husband decided to erect a fence between the two tracts, to contain their three cows. Wanting one

end of the fence to be close to their house they meant to start the fence upon their own land, to run it at an angle out to the common boundary, and thence to continue along that line. Instead of employing a surveyor Miles and Ming undertook to step off the line.

Digging the postholes along the boundary proved to be hard work. Ming, who was helping with the project, generously suggested that the attempt to follow the true line be abandoned and that the fence be attached instead to a number of trees upon the Ming property. Mrs. Miles testified that the parties agreed that the fence line would be the permanent boundary, even though the result was to give Mrs. Miles more than the five acres called for by her deed. She quoted Ming as having said, ''I won't miss it, because I have over 100 acres.'' Mrs. Miles's testimony is corroborated by Mrs. Ming, who was the only other one of the contracting parties to be called as a witness.

Mrs. Miles continued in possession of her tract until she sold it in 1958. During those thirteen years the fence remained in place; its location was never questioned either by her or by the various owners who succeeded to the Mings' title. The present controversy arose shortly before the appellants brought this suit, in 1961, to quiet their title to the disputed strip. The appellees pleaded title by adverse possession and relied upon the facts as we have narrated them. The chancellor upheld the oral agreement and accordingly confirmed the title in the appellees.

We have often held that when the location of the true line is in doubt or in dispute the parties may, by parol agreement, fix a line that will be binding, even though their possession under the agreement does not continue for the full statutory period of seven years. *Sherrin* v. *Coffman*, 143 Ark. 8, 219 S. W. 348; *Robinson* v. *Gaylord*, 182 Ark. 849, 33 S. W. 2d 710. The theory of these cases is that the parol agreement does not operate upon the title itself but merely fixes the line to which each party holds under his deed. Hence there is no violation of the statute of frauds. In the case at bar, how-

ever, the appellants contend that there was a violation of the statute, owing to the fact that there was no uncertainty or disagreement about the true line.

The answer to this argument is that even though the parol agreement may in its inception have been contrary to the statute of frauds, for want of any doubt or dispute, the title nevertheless vested by adverse possession after the agreement had been in force for the full statutory period of seven years. *Black* v. *Napier,* 212 Ky. 315, 278 S. W. 834; *Smith* v. *Gerrish,* 256 Mass. 183, 152 N. E. 318. Mrs. Miles testified that after the construction of the fence she and her husband thought that they owned the land up to the fence, "because Mr. Ming gave it to us." It is clear enough that Mrs. Miles and her husband occupied the land for more than seven years in the belief that they owned it. The requirement that adverse possession be hostile does not mean, of course, that the possessor must entertain a conscious feeling of ill-will or enmity toward his neighbor.

Our cases involving the establishment of a boundary line by long acquiescence confirm our present conclusion. For example, in *Gregory* v. *Jones,* 212 Ark. 443, 206 S. W. 2d 18, there had been no prior dispute about the boundary, but we held that the recognition of a fence line for 34 years "shows a quietude and acquiescence for so many years that the law will presume an agreement concerning the boundary." In the case at hand there is no need to resort to such a presumption, for the testimony affirmatively shows that the agreement was actually made.

Affirmed.