214

*Douglas Bradley,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

FRANK HOLT, Associate Justice. The appellants and appellees are adjoining landowners. The appellants brought this action to settle a boundary line dispute between them. In resolving the issues and the conflicting testimony in favor of the appellees, the Court found:

"* * * The driveway presently used by the defendants is situated upon the boundary line between the parties as established and recognized by the respective owners of the tracts for a long period of years, considerably exceeding seven years prior to the bringing of this present action; that the lands owned by the plaintiffs lie entirely to the South of the present existing fence and the lands of the defendants lie immediately and adjacent to the North; that neither party is entitled to question the boundary as established by the said fence."

On appeal the appellants contend that they are the record owners of the disputed strip of lands, including the major portion of the driveway, and that the appellees "had the burden to show title to the disputed strip either by adverse possession, agreed boundary, or estoppel, which burden they failed to meet."

The appellants acquired their title by a metes and bounds description in 1935 but did not occupy it until 1955 when they built a house and moved on their property. They have lived there since that time. The appellees acquired their property in 1947 and have occupied it since then. The common boundary line extends for a distance of 1,593 feet. It begins at an undisputed eastern point and runs west to Wood Street for this distance. The appellants' property lies to the south and the appellees' is on the north of the disputed line. The western portion of appellants' and appellees' adjacent properties abuts on Wood Street, and both their homes face on this street. This litigation was precipitated by a dispute over the use of a driveway which leaves Wood Street and enters on the west end of the two adjacent tracts. The driveway runs east curving to the north to reach appellees' house. Appellees have continuously used this driveway since 1947 as a means of ingress and egress to their property. Along and south of the 1,593 foot survey line, which appellants contend is the true boundary line, there was an existing fence for a distance of 1,295.7 feet at the time this litigation arose. This is the first segment of the disputed strip of land. The appellees claim this existing fence, instead of the survey line, is the true boundary line. Appellants contend this fence encroaches upon their property as much as 14 feet at its western terminus as it gradually deviates to the south along the survey line. From the point where this existing fence ends and westward to the street for a distance of 297.3 feet along the survey line is the second segment in dispute. When this litigation arose appellees extended the existing fence westward approximately 297.3 feet, or the balance of the survey line, to the street where it is 20 to 25 feet south of the survey line. Appellants claim this new fence encroaches upon their lands to this extent. The driveway is entirely included in this alleged encroachment.

As to the first segment, or the 1,295.7 feet, the appellants contend that prior to 1957 another fence existed which was on the survey line and that appellees surreptitiously moved this original fence at night to its presen-

location. The appellees deny this and testified, as did numerous witnesses in their behalf, that the existing fence along this first segment of 1,295.7 feet is situated on the boundary or division line between the parties as established and recognized before and since 1947 when appellees purchased their property. There appears to have been no dispute between appellants and appellees about the boundary line along this 1,295.7 feet until 1957 although the appellants have owned their property since 1935 and appellees since 1947.

After a careful review of the evidence in this case we have determined that the 1,295.7 foot strip of land was occupied adversely by the appellee for more than seven (7) years in the belief that the existing fence represented the true boundary. For adverse possession to be hostile it is not necessary that the possessor have a conscious feeling of ill will or enmity toward his neighbor. *Moeller v. Graves,* 236 Ark. 583. Further, we think there was sufficient evidence of acquiescence to sustain the Chancellor's finding that this boundary line was "established and recognized by the respective owners for a long period of years." In *Stewart v. Bittle,* 236 Ark. 716, we quoted from *Tull v. Ashcraft,* 231 Ark. 928, 333 S. W. 2d 490, as follows:

"* * * We have frequently held that when adjoining landowners silently acquiesce for many years in the location of a fence as the visible evidence of the division line and thus apparently consent to that line, the fence line becomes the boundary by acquiescence."

It is also unnecessary that a prior dispute exist about a boundary or division line in order to establish such by long acquiescence. *Gregory v. Jones,* 212 Ark. 443, 206 S. W. 2d 18.

With reference to the second segment of the disputed boundary line, or the balance consisting of 297.3 feet as surveyed by the appellants, the appellees' evidence was to the effect that when they moved on their property in 1947 the appellant Vaughn voluntarily pointed out to

appellee Chandler their common boundary or division line; that appellees relied upon and regarded this as an agreed boundary and they built the new fence on this agreed boundary when this litigation arose; that this new fence of approximately 300 feet, which was built in 1962, is merely an extension westward of the old existing fence to the street. Also, in 1955 appellant had a survey made resulting in stakes being placed in and along the disputed driveway. Appellee, Mrs. Chandler, testified that appellant [quoting from appellants' brief] "told me to tell Hoyt [Chandler] not to worry about those survey stakes being over the line because if he came over on us Mr. Barkley would come over on his line on the south." According to appellants' testimony, when they purchased their property in 1935 this driveway existed and led off the street to a garage that was then situated on what is now appellees' property. Several witnesses testified that this driveway on the disputed strip of land had existed and served the property now occupied by appellees before and since their purchase. Evidence was also adduced on behalf of appellees that an old fence once existed on the same location where this new fence now stands. It is undisputed that the appellees used this driveway continuously and without any question or dispute with the appellants from 1947 until 1955.

We also agree with the Chancellor in his findings when applied to this second segment of the disputed boundary line. We think there was ample evidence of an agreed division line. The appellees testified there was an agreed boundary, which appellants denied, and the Chancellor chose to believe the appellees. In *Stewart v. Bittle, supra,* we quoted from *Deidrech v. Simmons,* 75 Ark. 400, 87 S. W. 649, as follows:

"The proprietors of adjacent lands may by parol agreement establish an arbitrary division line, or an agreement may be inferred from long continued acquiescence and occupation according to such line, and they will be bound thereby."

Also, in *Moeller v. Graves, supra,* we said:

"We have often held that when the location of the true line is in doubt or in dispute the parties may, by parol agreement, fix a line that will be binding, even though their possession under the agreement does not continue for the full statutory period of seven years. (Citing cases)"

Furthermore, in the case at bar we construe the evidence to be sufficient to indicate that the appellees used this driveway for a period of more than seven (7) years in the belief that they owned it and that it was situated on their property. As previously stated, it is not necessary that the possessor of the land have a conscious feeling of ill will or enmity toward his neighbor in order to constitute adverse possession. *Moeller* v. *Graves, supra.*

The evidence adduced by the appellants and appellees in the case at bar is sharply in conflict and the Chancellor resolved these factual issues in favor of appellees. We do not disturb the findings of the Trial Court unless against the preponderance of the evidence. *Murphy* v. *Osborne,* 211 Ark. 319, 200 S. W. 2d 517; *Hill* v. *Barnard,* 216 Ark. 29, 224 S. W. 2d 31; and *Stricklin* v. *Mitchell,* 234 Ark. 31, 350 S. W. 2d 319. We cannot say that the findings by the Chancellor in the case at bar are against the clear preponderance of the evidence.

Affirmed.