## H. C. BROWN and CORAL BROWN v. LeTOURNEAU COLLEGE

5-5700                                     475 S.W. 2d 521

Opinion delivered January 24, 1972

*Kenneth R. Smith* and *Procter & Huckaba*, for appellants.

*Fitton, Meadows & Adams*, for appellee.

FRANK HOLT, Justice. The appellants purchased a home from the appellee and later learned that owners of four adjoining lots had a perpetual right to receive water from the well located on appellants' lot. The abstract of title did not reflect this encumbrance. The appellants brought suit against the appellee for rescission of the contract and refund of their purchase price or, in the alternative, for damages. The court found that the existence of the water right obligation was an encumbrance upon appellants' property and constituted a breach of the deed's warranty clause; denied rescission and, instead, awarded $1,000 in damages to the appellants. On appeal appellants assert only that the awarded damages are inadequate and the refusal of the court to

award $2,850 in damages was against the preponderance of the evidence.

The appellants presented as a witness a local real estate agent who was familiar with real estate values in this locality. According to him, the existence of the unknown perpetual obligation to furnish water to these four adjoining lots for $2.50 per month per lot was an encumbrance upon the property and damaged its fair market value to the extent of $2,850 at the time of the purchase.

The appellee presented evidence from the individual who sold the property to it. He testified that he had some of his property platted into a subdivision which included the lot now owned by appellants. At that time he recorded an agreement that for a monthly rate of $2.50 per lot water would be furnished to adjoining lot owners from a well he had drilled on lot No. 32 which is the one appellants now own. The house he constructed on this lot was a modern all electric residence. He testified with respect to the water right obligation and its effect upon the value of this property that: "Why, I thought that was an asset myself." Further, that he "figured that the water [income] would practically pay for the whole electric bill every month. We were getting up in age and we thought that was a good deal." Evidence was also adduced that pursuant to the water right agreement, the appellants were furnishing water to only two of the adjoining owners. Furthermore, one of them has now drilled his own well and asked to be disconnected from appellants' waterline.

As appellants recognize, we have often held that where there is conflicting evidence on an issue of fact, the chancellor is in a more favorable position since he observes and hears the witnesses. Our de novo review is limited to exhibits and printed pages. Also, we uphold the chancellor unless his findings are against the preponderance of the evidence. *Kittler* v. *Phillips*, 246 Ark. 233, 437 S. W. 2d 455 (1969). In the case at bar there was evidence that the encumbrance upon appellants'

property was detrimental to its value and, also, evidence that it was an asset or an enhancement in its value. We cannot say that the findings of the chancellor are against the preponderance of the evidence.

Affirmed.