## Buffalo Zinc & Copper Company *v.* McCarty. ·

### Opinion delivered October 30, 1916.

1. BOUNDARIES—DISPUTE OF SURVEYOR'S RECORDS—BURDEN OF PROOF. When a party to a controversy over a certain boundary line, under Kirby's Digest, §§ 1142, 1143, introduced the surveyor's record in evidence, making a *prima facie* case, it becomes the duty of the other party to show that the location of the true line was otherwise than as shown in the survey thus certified.

2. BOUNDARIES—DISPUTED SURVEYOR'S RECORDS.—The official records of each survey of the same line made by different surveyors, are of equal dignity, and in case of a conflict, there is no shifting of the burden to go forward with evidence, as where only one certificate is introduced and its correctness disputed.

3. BOUNDARIES—DETERMINATION OF LOCATION.—The location of a boundary is to be determined like any other issue, by a preponderance of the testimony adduced.

4. BOUNDARIES—PROOF OF—DUTY OF SURVEYOR.—In an action involving a disputed boundary line, an instruction that it is "the duty of the county surveyor in subdividing any section or part of a section of land originally surveyed under the authority of the United States, to make his survey conformably to the original survey," held proper.

Appeal from Marion Circuit Court; *John I. Worthington*, Judge; affirmed.

*J. C. Floyd*, for appellants.

1.   The statutes both State and Federal, prescribe certain rules by which surveyors are to be governed in establishing land lines and in locating corners to sections, and subdivisions thereof.   Kirby's Dig., § 1136; Rev. Stat. U. S. § 2395, *et seq.*; 88 Ark. 37; 97 Ark. 193; 39 Mich. 60.   As to regulations concerning restoration of lost or obliterated corners, see Revision of June 1, 1909, General Land Office, pp. 22, 23.

A certified copy of the record of any county surveyor, under the hand of the surveyor, shall be admitted as *prima facie* evidence in any court of record. Kirby's Dig. § 1142.   This applies not only to the records of a county surveyor while in office, but with equal force to the surveys of all former surveyors who made records of their surveys while in office and duly certified the same.

The only effect the statute, sec. 1142 *supra*, gives the county surveyor's certificate is to make it *prima facie* evidence of its correctness.   44 Ark. 287; 50 Ark. 63; 53 Ark. 411.   No act or record of a county surveyor is conclusive, but may be reviewed in any competent tribunal in any case where the correctness thereof is disputed.   Kirby's Dig., § 1143.

2.   Instruction No. 2 given over appellant's objections is erroneous and misleading because the survey of county surveyor Patterson has no more sanctity as evidence, is no more *prima facie* evidence that it is the correct line, than that of any other county surveyor who made a survey of the line and corner in dispute and introduced in evidence.   It was error to single out Patterson and tell the jury that they might take the line surveyed by him and the corner located by him as the true line and corner.

It is further misleading in that it leaves it open to the jury to conclude, from the qualifying phrase used,

that it devolved upon the defendants to show where the true line is located, whereas the burden was on them only to show that the Patterson line and corner are not the true line and corner, in order to defeat recovery by appellees.

3. Since the Patterson survey was based on the assumption that the section corner in question was lost, it was error to refuse to instruct the jury as to the rules and regulations provided by law for establishing lost or obliterated corners. Revision of General Land Office, June 1, 1909, pp. 22, 23.

4. Instruction 7 requested by appellants was proper in view of the evidence and should have been given. It is not an instruction on the weight of evidence.

5. Appellants contend that the corner in question is a known corner heretofore established conformably to the original survey. It is well settled that lines and corners located and marked by the return of the Surveyor General, however erroneous, cannot be collaterally attacked, but the authority to correct such errors or mistakes rests wholly in the Land Department of the Federal government. 128 U. S. 691; 17 How. 23; 197 U. S. 510; 88 Ark. 37; 114 Mo. 426; 2 S. D. 269.

6. The presumptions of law in favor of the correctness of the Patterson survey, were overturned by a clear preponderance of the evidence. The method pursued by him in making the survey and in establishing the section line and corner is not in keeping with the law governing in such cases. The survey was not made conformably to the original survey made by the Government nor in keeping with the rules and regulations prescribed for the establishment of lost or obliterated lines and corners. 97 Ark. 193; Revised Statutes, U. S. 2396; Kirby's Dig., § 1136; 59 Mich. 338; 3 Ky. Law Rep. 533.

*Williams & Seawel*, for appellees.

1.   Instruction 2 is not open to the objections urged by appellants.   The records made by the surveyors other than Patterson were not made for the purpose of preserving the location of the corner and lines in dispute in this case, but for preserving evidence of the location of the corner and lines of other lands and not including the lands in dispute.   The instruction is merely a declaration of law that the Patterson survey has a certain probative effect by virtue of the statute and not by reason of any intrinsic merit of its own as a fact.   This is the law, 44 Ark. 287; 97 Ark. 96. If the instruction is subject to the criticism offered by appellants, it was cured by instruction 4 given at their request.    84 Ark. 241; 87 Ark. 396.    The case first cited above, 44 Ark. 287, also disposes of appellant's second objection as to the burden of proof.   See also 53 Ark. 377; 68 Ark. 376.

2.   The only restriction imposed by our statute upon the county surveyor relative to the establishment of corners and subdivisions of land is found in section 1136, Kirby's Digest, to the effect that he shall "make his survey conformably to the original survey," —*i. e.*, the original Government survey.   The court instructed the jury in the language of this statute as to the duty of the surveyor.   And by virtue of section 1142, Kirby's Digest, and the decisions *supra*, the record introduced was *prima facie* evidence that the surveyor did make his survey conformably to the original survey.

3.   Instruction 7 requested by appellants was properly refused, because it is an instruction on the weight the jury should give to evidence of certain character; because it limits the location corner either by identification mounds, pits, buried memorials, witness trees or other permanent objects noted in the field notes or by evidence of citizens as to the place it formerly occupied, and because it is in conflict with the instruction making the record of the county surveyor *prima facie* evidence of its location.

McCULLOCH, C. J. Appellants and appellees are the owners, respectively, of adjoining tracts of land in Marion County, Arkansas, the boundary between the two tracts being along section lines. There arose a dispute between the said parties as to the true location of the boundary line, and this is an action instituted by appellees to recover possession of a strip of ground thirty-four feet wide claimed to be situated within appellee's boundaries. The case was tried before a jury and there was a verdict in favor of appellees.

There was a sharp conflict in the testimony. Appellees introduced in evidence a certified copy of a survey made by the county surveyor, and also introduced witnesses, including the county surveyor and numerous other persons, in support of the correctness of his survey. On the other hand, appellants introduced testimony tending to show that the true boundary line, according to the original government survey, threw the disputed strip of land on their side of the boundary. It is very earnestly contended that the evidence of witnesses introduced by appellees should not be accepted for the reason that the survey was made on the wrong basis, and that said testimony is palpably in conflict with the obvious facts with respect to the true location of the section line. We are of the opinion, however, after careful consideration of the testimony, that there was sufficient on each side to make a case for the jury, and that we must treat the verdict as a settlement of the issue of fact in favor of appellees.

Error of the court is assigned in giving the following instruction:

"2. I instruct you that the record of the survey made by Fulton Patterson as county surveyor of Marion County as a matter of law constitutes the *prima facie* evidence of the correct line and correct corner to the land in dispute so far as it appears from the survey; and must be taken by you as the true line and corner to the land in controversy unless you find from a preponderance of the evidence in this case that

some other line and some other corner is the true line and corner."

The court also gave, at the request of appellants, the following instruction:

"4.    The court also instructs the jury that the records of former county surveyors form the same *prima facie* evidence as would that of any other surveyor, all of which are records of the same character."

(1)    It is contended that these two instructions are directly conflicting, and that the first one quoted above is prejudicial in that it puts the burden on appellants of overcoming the *prima facie* case made by the certificate of the county surveyor, notwithstanding the fact that appellants also introduced official certificates of former county surveyors showing that the line they contend for is the true one.    As applied to the evidence in this case, we think there is no conflict in the two instructions.    The statute provides that a county surveyor shall keep a record of all his surveys, and that a certified copy of such record "under the hand of the surveyor, shall be admitted as *prima facie* evidence in any court of record," but that no record of any surveyor "shall be conclusive, but may be reviewed by any competent tribunal in any case where the correctness thereof may be disputed." Kirby's Digest, sections 1142-1143.    This court, in construing the statute referred to above, decided that when a party to a controversy introduced in evidence the surveyor's record, making a *prima facie* case, it threw the burden upon the other party of showing that the location of the true line was otherwise than as shown in the survey thus certified.    *Smith* v. *Leach*, 44 Ark. 287.

(2)    The official records of each survey of the same line made by different surveyors are of equal dignity, and in case of such conflict there would be no shifting of the burden of proof from one side to the other as in the case of introduction of one certificate. But we understand that in the present case the certificates of former surveys did not reach to the par-

ticular line now in controversy, but stopped short of reaching that point. They were records of surveys of other tracts of land, and were of value in this particular controversy as tending to show the direction of the correct boundary line between these two tracts, but they did not in fact constitute a survey of the line now in dispute. Therefore those former surveys, while constituting a *prima facie* case as far as they went, did not shift the burden on the appellees of showing the true boundary nor nullify the *prima facie* effect of the official record of the last survey made by the county surveyor. Our conclusion is that these two instructions were not conflicting, but were properly given in the case, and that the last survey, which was along the disputed boundary line, made out a *prima facie* case in favor of appellees, and that the burden of proof then shifted to appellants to establish the true boundary lines.

(3) The court refused appellants' request to give the following instruction:

"7. The jury are instructed that identification of mounds, pits, buried memorials, witness trees or other permanent objects noted in the filed notes of surveys are admissible in evidence as means of locating the missing corner in its original position. If this cannot be done, clear and convincing testimony of citizens as to the place it originally occupied should be considered if such can be obtained. In any event whether the locus of the corner be fixed by the one means or the other, such locus should always be tested and confirmed by measurements to known corners. No definite rule can be laid down as to what shall be sufficient evidence in such cases and much must be left to the skill, fidelity and good judgment of the surveyor in the performance of his work."

This instruction was objectionable for the reason that it invaded the province of the jury in determining the weight of the evidence. The location of a boundary is to be determined like any other issue,

by a preponderance of the testimony, and it was incorrect to tell the jury in effect that only "clear and convincing testimony of citizens" could be consibered in determining the identification and location of missing corners in the government survey.

(4) There are several other assignments of error with regard to instructions given and requests for instructions refused, but we are of the opinion that the court placed the issues before the jury upon correct instructions, and that there was no error committed. There was a clear-cut issue of fact in this case as to the location of the section line, and the court correctly instructed that it is "the duty of the county surveyor in subdividing any section or part of section of land originally surveyed under the authority of the United States to make his survey conformably to the original survey." Now, the disputed boundary was, as before stated, a section line, and under this instruction it was the duty of the surveyors to follow out the lines of the original government survey, and both sides in the testimony attempted to show that they had done so. This made a question for the jury upon directly conflicting testimony, and there was enough testimony on each side to sustain a verdict.

We find no error in the record, so the judgment is affirmed.