## TURNER *v.* THOMASON.

Opinion delivered January 8, 1917.

.ADVERSE POSSESSION—CLAIM OF OWNERSHIP—MISTAKEN BOUNDARY.—
Where one takes possession of, and encloses land under a belief of ownership, and holds the same for the statutory period, claiming ownership, without any recognition of the possible right of another thereto on account of a mistake in the boundary line, such possession and holding is adverse, and, when continued for the statutory period, will divest the title of the former owner who has been excluded from possession.·

Appeal from Calhoun Circuit Court; *C. W. Smith*, Judge; affirmed.

*C. L. Poole* and *J. S. McKnight*, for appellant.

1.   A plaintiff in ejectment must recover upon the strength of his own title and must prove same before he can recover.

2.   The record of surveys under the law is *prima facie* correct. Kirby's Digest, § 1142; 50 Ark. 65. If the Reddin survey is correct the line is not only "full" but is almost 6 chains long. Where a line is short the shortage is prorated among the four forty acres of the section. Why not prorate when the line is "long" and divide the surplus in similar manner.

3.   The county surveyor has no authority to change the lines established by the U. S. Kirby's Digest, § 1136. He must conform to the original survey *Ib*. Here he attempted to change an established line without authority and there is no evidence to support the verdict.

*John Baxter* and *R. W. Baxter*, for appellee.

1.   No exceptions were saved to the instructions.

2.   The evidence shows that Reddin did not change the original lines or corners, but simply located a lost corner; found the section line too short and prorated the shortage. 97 Ark. 193. Oral testimony is admissible to show that, when the field notes give a section full it is not full by actual measurement. 97 Ark. 193.

3. Thomason held the strip of land as his own and adversely for more than twenty years. This gave him title.

4. The case was properly submitted to a jury; the evidence sustains the verdict and this court will not disturb it.

WOOD, J. Appellee and appellant are adjoining land owners, appellee owning the southeast quarter of the southeast quarter and appellant the northeast quarter of the southeast quarter of section 11, township 13 south, range 13 west. This suit was brought by the appellee against the appellant to recover possession of a strip of land from fifteen to twenty feet wide "nearly all the way across the north side of" appellee's forty. Appellee alleged that the appellant took possession of said strip of his land without right or permission of the appellee.

The appellant denied that he took possession of the piece of land described in the complaint, but stated "the truth to be that the land he now occupies and where he has his fence established is on the southern border of the northeast $\frac{1}{4}$ of the southeast $\frac{1}{4}$ of section 11, township 13 south, range 13 west." He also set up, by way of cross-complaint, that the appellee had claimed possession of a strip of land along this border thirty to forty feet wide clear across the south border of appellant's tract.

Appellee introduced a surveyor whose testimony tended to show that he made a survey and established a lost section corner between sections 11, 12, 13 and 14. He enters into detail showing the surveys that he made in order to establish this lost corner. He established the corner and then measured the section line between sections 11 and 12, and proved the same both ways and found it to be short 66 links. He prorated this shortage between the four forties of section 11, established the line between the two forties in dispute, letting the appellee bear one-fourth of the shortage. He found a wire fence there south of the line, about ten feet at

the east end and about twenty feet at the west end. The fence was entirely within appellee's land.

The appellee testified that the fence that the surveyor testified about was afterward taken away by him, and that after he removed the fence the appellant took the posts and put his wire on them, and is now claiming to this fence.

Appellant introduced testimony of surveyors which tended to show that the line between appellant and appellee was south of the wire fence. In other words, that all of the land occupied by appellant and enclosed by his fence was owned by him, and even more.

(1)  It thus appears that there was a decided conflict in the testimony as to the correct line between the appellant and the appellee. The issue was submitted to the jury upon correct instructions, and there was evidence to sustain the verdict. The case is ruled on the facts by *Tolson* v. *Southwestern Improvement Ass'n,* 97 Ark. 193, and *Buffalo Zinc & Copper Co.* v. *McCarty,* 125 Ark. 582.

(2)  Even if appellee had no title to the land in controversy by purchase, the evidence was amply sufficient to sustain a finding that he had acquired title by adverse possession. Appellee testified that he owned the land in question for more than twenty years and had been in the open, peaceable and adverse possession of it for more than seven years, having same under fence and claiming it as his own.

The undisputed testimony brings appellee's contention in this respect within the rule announced in *Goodwin* v. *Garibaldi,* 83 Ark. 74, where we held that "When one takes possession of land under the belief that he owns it, encloses it and holds it continuously for the statutory period under claim of ownership without any recognition of the possible right of another thereto on account of mistake in the boundary line, such possession and holding is adverse, and, when continued for the statutory period, will divest the title of the former owner who has been thus excluded from possession."

The judgment is correct and it is therefore affirmed.