HORN *v.* HAYS.

4-9572                                                   243 S. W. 2d 3

Opinion delivered October 29, 1951.

*Gordon Armitage* and *R. W. Tucker,* for appellant.

*W. M. Thompson* and *Chas. F. Cole,* for appellee.

GEORGE ROSE SMITH, J. This suit in ejectment, brought by the appellants as plaintiffs, is actually a boundary line dispute. The plaintiffs jointly own a tract of land lying immediately north of the defendant's property. In 1950 the defendant built a house on what he thought to be his land, but the plaintiffs contend that he

put the structure so far to the north that it is actually on their land. The trial court submitted the dispute to a jury, which returned a verdict for the defendant.

At the trial both sides undertook to locate the true boundary by first determining the southwest corner of the plaintiffs' property and then running the disputed line due east from that point. Hence the issue of fact below narrowed down to the correct location of the southwest corner of the plaintiffs' land. For the plaintiffs the county surveyor testified that he had determined the position of the corner in question and that a line running due east would lie south of the defendant's house, thereby putting the building on the plaintiffs' property. For the defendant several witnesses testified that they had assisted in making earlier surveys which placed the disputed corner sufficiently farther north to result in the defendant's house being on his own land. The testimony, if admissible, was in such conflict as to support a verdict for either side.

The plaintiffs—now the appellants—offer two objections to the testimony adduced by the defendant. First, it is contended that surveyors' assistants should not have been allowed to testify about the location of the disputed corner. We think the evidence to be admissible. It is true that chain carriers, rodmen, and other surveyors' helpers cannot be permitted to give expert opinions involving a knowledge of the science of surveying. But we have recognized the rule that they may properly describe matters which lie within the observation of lay witnesses. *Mason* v. *Mason,* 167 Ark. 304, 267 S. W. 772; see, also, Wigmore on Evidence, § 1339. Here these men testified merely that the surveyors by whom they were employed located the corner now in controversy by running their measurements to what proved to be a visible monument consisting of a pile of stones. From this point they had seen indications of a boundary line running to the east, marked by blazed trees and the cutting of underbrush along the line now contended for by the defendant. We find nothing in this testimony that goes beyond the limits within which a lay witness may describe what he has seen.

Second, it is argued that evidence of earlier surveys was inadmissible for the reason that they were made long before the present litigants bought their tracts and at a time when the plaintiffs were not present. This argument is without merit. The testimony was offered to show the true position of the southwest corner of the plaintiffs' forty-acre tract, a point originally fixed by the federal government's survey. The exact position of this point is a fact that has remained unchanged ever since the determination was originally made, and obviously the ownership of the land and the plaintiffs' presence or absence at the time of any particular survey are equally immaterial.

Finally it is insisted that the court should have instructed the jury that the defendant had the burden of proving the county surveyor's plat to be erroneous. By Ark. Stats. 1947, § 12-1215, a county surveyor is required to keep a well-bound record book of his surveys, and § 12-1220 provides that a certified copy of this record shall be *prima facie* evidence. But here the plaintiffs did not introduce a certified copy of the official record; they offered merely a plat bearing the county surveyor's signature. As we said in *Sherrin* v. *Coffman,* 143 Ark. 8, 219 S. W. 348: "The statute is precise in prescribing that it is only a certified copy of the record of the county surveyor which shall be admitted as *prima facie* evidence." The requested instruction was therefore properly refused.

Affirmed.

WARD, J., not participating.