MASON *v.* PECK

5-3498                                        388 S. W. 2d 84

Opinion Delivered March 22, 1965.

*D. Pat Moran* and *W. E. Billingsley,* for appellant.

*W. G. Wiley,* for appellee.

FRANK HOLT, Associate Justice. The appellant and appellee are adjacent landowners. The appellee brought this action to enjoin and restrain the appellant from interfering with her use of a spring allegedly upon her lands. In appellant's answer he contended the spring was located

upon his lands. The chancellor found the issue in favor of the appellee and permanently enjoined and restrained the appellant from trespassing upon her lands. On appeal appellant questions the sufficiency of the evidence.

Appellant first argues that "The Certificate of Survey by the County Surveyor, Mr. Coleman, was filed for Record and is prima facie correct and the court should have so held." It is true that the certified copy of the record of a county surveyor is prima facie evidence of the correctness of a boundary line as it appears from the survey. Ark. Stat. Ann. § 12-1220 (Repl. 1956). However, this is a rebuttable presumption and any duly qualified surveyor may testify as to its correctness. *Russell* v. *State,* 97 Ark. 92, 133 S.W. 188; *Walters* v. *Meador,* 211 Ark. 505, 201 S.W. 2d 24. See, also Ark. Stat. Ann. § 12-1221 (Repl. 1956). The appellee presented as her witness a duly qualified surveyor, Mr. Roberts, who testified the spring is located upon appellee's property.

Appellant next contends that Mr. Roberts' survey upon which he based his testimony is not sufficient to overcome the prima facie correctness of the certificate of appellant's surveyor. We cannot agree. The appellee introduced into evidence deeds reflecting her to be the owner of certain lands. Mr. Roberts surveyed her lands according to these deeds. He confirmed his survey by a church deed to land adjacent to appellee's property. A plat prepared by surveyor Roberts was also introduced into evidence. Mr. Roberts unequivocally testified that the spring in question is located upon appellee's property. His testimony was corroborated by several witnesses who live in the community. They testified that for many years the spring was generally known as "the Peck spring."

During approximately sixteen years that appellant and appellee had lived on their respective lands as neighbors, the appellee had utilized the spring. Appellant's recent attempt to exercise acts of ownership resulted in this litigation. Appellant presented his surveyor, Mr. Coleman, to corroborate his evidence of ownership. Mr. Coleman testified that according to his survey the spring was on

appellant's lands by a few feet and that he had offered to resurvey appellant's property to determine if he or appellee's surveyor had made the mistake in the disputed surveys, however, appellant refused because of the expense. As to which surveyor made the mistake, Mr. Coleman testified: "I don't know whether I made it or whether he did."

The location of a boundary line is to be determined by a preponderance of the evidence. *Buffalo Zinc & Cooper Co.* v. *McCarty,* 125 Ark. 582, 189 S.W. 355. It is well settled that on appeal we do not disturb the finds of the chancellor unless against the preponderance of the evidence.

In the case at bar we cannot say that the finding of the chancellor that the spring in question is located upon appellee's lands and subject to her exclusive control and ownership is against the preponderance of the evidence.

Affirmed.