James H. **FORSHEE** et ux., Plaintiffs,

v.

Wimps **CANARD** et ux., Defendants;

**United States of America, Intervenor.**

No. B–74–C–21.

United States District Court,
E. D. Arkansas,
Batesville Division.

April 29, 1980.

---

John Norman Harkey, Batesville, Ark., for plaintiffs.

A. Wayne Davis, Little Rock, Ark., for defendants.

Robert Neighbors, Asst. U. S. Atty. for the Eastern District of Arkansas, Little Rock, Ark., for intervenor.

## OPINION

ARNOLD, Circuit Judge, Sitting by Designation.

This is a boundary-line dispute. The Forshees and the Canards are owners of adjoining tracts of land in Section 18, Township 14 North, Range 8 West, near Saint James, Stone County, Arkansas. The Forshees, plaintiffs here, own, among other lands, the Northeast Quarter of the Northwest Quarter. The Canards, defendants here, own about 1.20 acres of land in the Northwest Quarter of the Northwest Quarter. In 1970 or 1971 Mr. and Mrs. Canard decided to build a house close to the boundary line. Before construction started, the Forshees complained that the projected site of the house was on their property. The Canards had a survey made by the county surveyor to help them make sure they were not encroaching on their neighbors' land. The house was built in 1971, and no suit for injunction was filed to stop the construction. In 1974 the Forshees filed suit in the Chancery Court of Stone County, Arkansas, claiming that the house was on their land. The suit asked, among other things, that the Court issue a mandatory injunction commanding that the house be removed from the Forshees' lands. The United States, through the Farmers Home Administration, the holder of a mortgage on the house, intervened and removed the suit to this Court.

The case was tried to the Court, sitting in equity without a jury, on March 6, 1980, in Batesville, Arkansas. Substantial evidence was offered by both sides, including the testimony of professional surveyors and of non-expert witnesses familiar with the history of the lands involved. At the conclusion of the trial the case was taken under advisement. The Court has carefully considered the testimony, as well as all the documentary exhibits offered by both sides, and now makes its findings of fact and conclusions of law.

The most important piece of evidence in this case is defendants' exhibit 3, a survey dated February 27, 1971, made by Cecil McCasland, a registered land surveyor and elected County Surveyor of Stone County. It was this survey that the Canards commissioned. It was filed of record by the Circuit Clerk of Stone County on March 6, 1971, and the copy of the survey introduced in evidence was certified by the present Circuit Clerk. This 1971 McCasland survey supports the Canards' position: that is, if the survey is correct, the house is on the Canards' own property, and not on the Forshee property.

■ The Court finds that DX 3 correctly describes the line in dispute. Mr. McCasland testified at some length and explained the process by which he ascertained the line. His survey is based upon the original field notes (in evidence as DX 2) made by a surveyor employed by the United States in 1830, before Arkansas became a state. Under the Act of February 11, 1805, 2 Stat. 313, as amended, 43 U.S.C. § 752, the corners marked in this original survey are established as the proper corners. The law of Arkansas is to the same effect. Under Ark.Stat.Ann. § 12–1210, it is "the duty of each county['s] surveyor, in subdividing any section or part of a section of land originally surveyed under the authority of the United States, to make his survey conformably to the original survey." This Mr. McCasland did. In addition, his 1971 survey is consistent with two earlier surveys by two of his predecessors in the office of county surveyor: the Hixson survey of February 20, 1891 (DX 7), and the Warren survey of December 28 and 29, 1956 (DX 8). It is true that Mr. McCasland made another survey, in evidence as PX 4 and dated March 9, 1970, which is inconsistent with his 1971 survey. The 1970 McCasland survey, however, is not convincing to the Court because, as Mr. McCasland testified and as PX 4 shows on its face, the entire document is based upon a point shown to Mr. McCasland without proof by the landowner for whom he was working.

■ Ark.Stat.Ann. § 12–1220 provides as follows:

A certified copy of the record of any county surveyor, under the hand of the surveyor, shall be admitted as *prima facie* evidence in any court of record in this State.

As this statute has been construed, if a certified copy of the official record of a county surveyor (as distinguished from his testimony only or a mere plat signed by him, see *Horn v. Hays*, 219 Ark. 450, 243 S.W.2d 3 (1951)), is offered in evidence, then the corners and lines shown therein are established, unless the other party shows by a preponderance of the evidence that the location of the true line is other than as shown in the survey thus certified. *E. g., Buffalo Zinc & Copper Co. v. McCarty*, 125 Ark. 582, 587, 189 S.W. 355, 356 (1916). The county surveyor's record is not conclusive, and, under § 12–1221 of the Arkansas Statutes, it "may be reviewed by any competent tribunal, in any case where the correctness thereof may be disputed." The fact remains, however, that a certified copy of the official record of a county surveyor does shift the burden of proof, and is sufficient, unless adequately rebutted, to dispose of the question. *E. g., Mason v. Peck*, 239 Ark. 208, 388 S.W.2d 84 (1965).

■ It may be objected that a state statute specifying that a certain record shall be *prima facie* evidence is not binding upon this federal Court, especially in a suit to which the United States is a party. This Court does not agree. The statute concerns not merely the admissibility of evidence (the certified copy of the county surveyor's record would be admissible whether such a state statute existed or not), but rather the legal effect of a certain type of survey in a case involving the title to land, traditionally a matter of state concern. Although the statute is cast in procedural terms, speaking of *prima facie* evidence, in fact it sets forth a rule of property: that parties are ordinarily entitled to rely on the certified copy of an official county survey. Nor does the statute, as construed, merely shift the burden of producing evidence. It requires the opponent affirmatively to persuade the

Court that the official survey is incorrect. It should be noted, in addition, that the application of this state statute here does not run contrary to any federal interest. Indeed, as noted above, this survey is consistent, as state law required it to be, with the original field notes made by an employee of the United States acting in this official capacity.

■ Even in the absence of the statute, moreover, the result would be the same. The Forshees are plaintiffs here, and under traditional rules applied in both state and federal courts, they bear the burden of persuasion. The Court finds that they have not satisfied that burden by a preponderance of the evidence. The Court has carefully considered all of the testimony offered in support of the Forshees' claim, and it is, as noted above, not insubstantial. In particular, the testimony of their surveyor, Ronald Cruse, is not at all unreasonable, and, were it not for the presence in the case of the McCasland survey of 1971, the Court would have no difficulty in accepting the result indicated by Mr. Cruse. Since, however, the McCasland survey is in the case, it is necessary for the Court to choose, and the Court finds that the McCasland survey is the more reliable of the two. It is sufficient to note, without canvassing all the points in dispute, that Mr. Cruse did not consult the original field notes before making his survey.

The case is a close one and not free from difficulty, perhaps because the whole art of surveying has in view the impossible task of drawing squares on the surface of a spheroid. On the whole, the Court is persuaded that the weight of the evidence lies on the side of the Canards, and judgment will therefore be entered dismissing the complaint.

IT IS SO ORDERED.